**Opinion issued May 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00056-CV

————————————

**TING JIANG, Appellant**

**V.**

**MICHAEL GLENN DAWSON, Appellee**

---

**On Appeal from the 328th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 17-DCV-242281**

---

## MEMORANDUM OPINION

Appellant Ting Jiang appeals the trial court's judgment of divorce and property division. We construe her brief to raise one issue arguing that the court erred instructing the jury based on Texas law of property characterization, even though two properties were located in Oregon. We affirm.

## Background

Ting Jiang and Michael Glenn Dawson were married in 2010. The dispute in this appeal centers on two houses in Oregon purchased in 2012. In 2015, the couple moved to Texas. In early 2017, Jiang transferred one of the Oregon properties to her two sons from an earlier marriage. Thereafter, in June 2017, Dawson filed a petition for divorce from Jiang.

Because there were no children of the marriage, the divorce centered on property division. In April 2023, factual matters concerning property characterization, valuation, and allegations that Jiang had committed fraud on the community were tried to a jury, with the understanding of the parties that the division of the property would later be determined by the trial court. Jiang represented herself at trial with the assistance of a court-appointed interpreter. The jury determined that both Oregon properties were community property and that Jiang had committed fraud against the community.[1] The trial court held a four-day bench trial regarding division of the property.

The parties filed multiple post-verdict motions asking the court to disregard jury findings. Jiang filed a trial brief in which she argued that because the trial court had personal jurisdiction over both spouses, "the real property in Oregon should be characterized pursuant to [the] Texas Family Code." The parties also

---

[1] The jury verdict also included valuation of the properties.

submitted briefs regarding their preferred division of the community property. The trial court entered a final decree of divorce on September 13, 2023 that was based on the jury verdict and the court's division of the property and award of attorney's fees.

**Analysis**

On appeal, instead of challenging a particular ruling, Jiang generally asserts that the trial court erred by applying Texas law instead of Oregon law to the characterization of marital property.

Our briefing rules require an appellant's brief to "state concisely all issues or points presented for review." TEX. R. APP. P. 38.1(f). While appellant's issue appears to pose a general question, we are charged to construe briefs "liberally, but reasonably . . . so that the right to appeal is not lost by waiver." *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam). We hesitate "to resolve cases based on procedural defects and instead endeavor to resolve cases on the merits." *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020).

In her brief, Jiang mentions the following three instances when she believes the trial court indicated that Texas law applied.[2] First, during Dawson's testimony,

---

[2] In her brief, she quotes testimony in five bullets labelled (a) through (e). Bullets (b) and (c) pertain to one instance, and bullets (d) and (e) pertain to one other instance.

his attorney asked him to confirm that the parties still owned the house in Oregon.[3] Jiang objected, saying: "You cannot say that's the community property. It's not yours. You have to follow Oregon law. It was in Oregon." The trial court overruled her objection, saying that the jury would determine the characterization of property as separate or community. This is not an example of the trial court applying Texas law of property characterization.

Next, prior to the start of testimony on the third day of trial, the trial court explained the procedure for the remainder of trial, which included completion of Dawson's presentation of evidence, Jiang's presentation of evidence, jury charge conference outside the presence of the jury, closing arguments, and submission of the case to the jury. Jiang asked whether the question of property characterization had been answered, whether the jury would be told whether Texas or Oregon law applied during presentation of evidence, whether she should provide the jury with information on Oregon marital property law during her case in chief. The trial court repeatedly explained the procedure for the remaining parts of the trial, told Jiang that the charge conference would happen later, and said that he could not

---

[3]     Q. So, like we just talked about, the third property of the marital estate, Scenic Drive, which was the first property that you guys bought that you still hold today; is that correct?

A. Yes.

4

advise her on how to present her case. This was also not an instance of the trial court applying Texas law of property characterization.

Finally, during the charge conference, Jiang asked whether the jury charge included instructions on Oregon law regarding property characterization and expressed her disagreement and displeasure with the court's answer that the charge instructions were based on Texas law. Jiang repeatedly argued about "inception of title" and the need to include instruction about that in the jury charge. Before the jury and prior to giving the jury the charge, the court asked the parties if they had a chance to see the charge. Jiang again voiced her disagreement. The trial court explained on the record the process used during the charge conference. The court noted "there were some objections and there were a couple of rulings specifically to inception of title" and noted that it "denied that request." Viewing the brief reasonably yet liberally, we construe this as a challenge to the trial court's denial of requested instructions in the jury charge.

"We review a trial court's decision to submit or refuse a particular instruction under an abuse of discretion standard of review." *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012) (quotation omitted). We review de novo whether an instruction or definition in a jury charge is legally correct. *Transcont'l Ins. Co. v. Crump*, 330 S.W.3d 211, 221 (Tex. 2010). "An instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and

evidence." *Columbia Rio Grande Healthcare, L.P. v. Hawley,* 284 S.W.3d 851, 855 (Tex. 2009). An appellate court will not reverse a judgment for a charge error unless that error was harmful because it "probably caused the rendition of an improper judgment" or "probably prevented the petitioner from properly presenting the case to the appellate courts." TEX. R. APP. P. 44.1.

Jiang does not argue that the court's instruction was not a correct statement of Texas law. Instead, she argues that Oregon law applies to the characterization of marital property and that the charge should have been based on Oregon law. That is incorrect. "[O]nce a trial court in a Texas divorce proceeding establishes personal jurisdiction over both spouses, it applies Texas law in making its division of property, even if the property is located in another state." *Tener v. Short Carter Morris, LLP*, No. 01-12-00676-CV, 2014 WL 4259885, at *7 (Tex. App.— Houston [1st Dist.] Aug. 28, 2014, no pet.) (mem. op.) (discussing Texas Family Code § 7.002, which provides for division of "real property . . . wherever situated . . . that was acquired by either spouse while domiciled in another state and that would have been community property if the spouse who acquired the property had been domiciled in this state at the time of the acquisition . . . ."). Jiang does not dispute that the trial court had personal jurisdiction over the parties. We hold that Texas law applied to the characterization of the Oregon properties and that the trial court correctly instructed the jury.

6

**Conclusion**

We overrule Jiang's sole issue, and we affirm the trial court's judgment.


Justice Susanna Dokupil

Panel consists of Justices Guerra, Caughey, and Dokupil.